IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GARY COOPER | § | |
| v. | § | CIVIL ACTION NO. 9:10cv126 |
| DR. DAO HUNG, ET AL. | § | |

## MEMORANDUM ADOPTING AMENDED REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Gary Cooper, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As defendants, Cooper sued Dr. Dao Hung, LuAnn Renner, physician's assistant Toni Deer, Shanta Crawford, Guy Smith, Warden David Sweetin, Warden Debbie Erwin, Texas Attorney General Greg Abbott, Texas Board of Corrections Chairman Oliver Bell, Dr. Betty Williams, Nurse Brenda Hough, Dr. Kokila Naik, an unknown investigator, Dr. Julius Danziger, and a unit safety officer named Boelin

This Court dismissed the lawsuit, but the Fifth Circuit reversed and remanded in part, for reconsideration of Cooper's claims under the Americans with Disabilities Act. The Fifth Circuit affirmed the dismissal of Dr. Hung because the claims against him were barred by the statute of limitations, and also affirmed the dismissal of Cooper's claims of cruel and unusual punishment. The district court determined that Cooper's claims under the ADA lacked merit because there was no individual liability under that statute, but on appeal Cooper argued, and the Fifth Circuit agreed,

1

that because he listed each defendant's "official position" in his lawsuit he was in effect suing them in their "official capacities" under the ADA.

On reconsideration, the Magistrate Judge issued an Amended Report and Recommendation in conformity with the Fifth Circuit's opinion. This Amended Report first stated that Cooper's claims against the defendants Renner, Crawford, and Smith were based on the fact that they had denied his grievances. Although Cooper argued that these persons had the power to order that he receive medical boots, the Magistrate Judge concluded that Cooper had failed to show that grievance investigators or signature authorities had the power to override medical decisions made by medical professionals. Because these persons lack the power to order that he receive boots, the Magistrate Judge said, they cannot be sued for prospective relief in their official capacities, and recommended that Renner, Crawford, and Smith be dismissed.

Although Cooper sued Texas Attorney General Greg Abbott, the Magistrate Judge noted that Cooper cited no authority, nor was the court aware of any, under which the Attorney General for the State of Texas could be held liable for failing to protect state prisoners from harm, or for failing to cause some unstated "modifications" to undefined "criteria" so as to provide accommodations for individual prisoners on request. The Magistrate Judge stated that Cooper showed no basis for holding Abbott liable in his official capacity as Attorney General, and recommended that Abbott be dismissed from the lawsuit.

Cooper also sued Oliver Bell, Chairman of the Texas Board of Corrections. However, Cooper conceded that Bell sent an investigator, who came and spoke to Cooper and ordered that X-rays be taken. The Magistrate Judge stated that this showed that Bell did not ignore Cooper's complaint but was responsive to it; instead, Cooper's complaint appeared to be that Bell chose to believe the prison medical staff and his own investigator rather than believing Cooper, and that Bell did not substitute his own judgment for that of the medical professionals who had seen Cooper. The Magistrate Judge concluded that "these claims fail to show a violation of the Fourteenth Amendment

and offer no basis for liability under the Americans with Disabilities Act," and recommended that Bell be dismissed from the case.

In a similar vein, the Magistrate Judge said, Cooper sued the investigator who came to see him, as well as Boelin, the unit safety officer. He acknowledged that these persons came to see him and ordered that X-rays be taken, but complained that they should have countermanded the doctors and order that he be given special shoes and a cane. However, the Magistrate Judge stated that Cooper had offered nothing to show that an investigator or a unit safety officer had the power to override the orders of trained medical personnel; they simply ordered that he receive X-rays, from which the medical personnel could determine what treatment was required. The investigator and the safety officer thus could not be sued for prospective relief in their official capacities, so Cooper's claim against these persons under the ADA lacked merit.

Finally, Cooper sued Dr. Danziger, the radiologist who read his X-rays. Cooper argued that Dr. Danziger had the authority to order special shoes for him, but the Magistrate Judge stated that Cooper pointed to nothing which would have placed Dr. Danziger on notice that Cooper required special shoes. Cooper did not allege that Dr. Danziger saw him personally, but only that he read his X-rays; these X-rays showed that Cooper's hip was essentially normal, and the X-ray of his back did not show any protuberances but only a narrowing of the spine at the base, a condition not unusual among older people. The Magistrate Judge stated that this information would not have placed Dr. Danziger on notice that Cooper was "a qualified person with a disability," nor that Cooper had special needs which required accommodation. In addition, Dr. Danziger was not a treating physician, but simply drafted an X-ray report for Cooper's treating physicians. The Magistrate Judge concluded that Cooper had no basis for an ADA claim against Dr. Danziger.

The remainder of the Defendants in the case are the medical personnel who actually saw Cooper, including Toni Deer, Dr. Betty Williams, Brenda Hough, and Dr. Kokila Naik, as well as unit wardens David Sweetin and Debbie Erwin. The Magistrate Judge concluded that Cooper had at least an arguable claim against these persons in their official capacities under the Americans with

Disabilities Act, and that these defendants should be required to answer the lawsuit, with the remaining defendants being dismissed.

Cooper filed objections to the Magistrate Judge's Report on November 15, 2012. In his objections, Cooper says first that the Magistrate Judge failed to state whether Plaintiff did or did not state a claim against the named and pled defendants in their official capacities. Instead, the Magistrate Judge has reiterated what defendants should or should not be dismissed and which ones arguably in their official capacities could be liable on a claim under the Americans with Disabilities Act. He goes on to say that his objections extend to each defendant who acted directly or in concert with those who "directly failed to follow the process due under the provision and otherwise protections [sic] of the Disabilities Act of 1990."

As noted above, the Fifth Circuit determined that Cooper was suing the defendants in their official capacities and remanded the case for that reason, inasmuch as individuals are not proper defendants in an ADA lawsuit. The Magistrate Judge therefore reviewed the liability of each defendant in the context of an official-capacity claim under the ADA and determined that the claims against Toni Deer, Dr. Betty Williams, Brenda Hough, and Dr. Kokila Naik, as well as unit wardens David Sweetin and Debbie Erwin should move forward. Cooper's objection on this point is without merit.[1]

Next, Cooper says that although the Defendants are not all medical personnel, "they were all in a position to determine from Plaintiff's record that he is a qualified individual with impairments

---

[1] To the extent that Cooper's objections may be read to raise some sort of conspiracy claim, through his reference to defendants "acting in concert" with one another, this contention is without merit. Cooper cannot raise new claims in objections to the Report of the Magistrate Judge, *see* Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), and all of the people whom he sues are members of the same entity, the Texas Department of Criminal Justice, so a conspiracy claim against them would be barred by the intra-corporate conspiracy doctrine. Reynosa v. Wood, 134 F.3d 369, 1997 WL 811828 (5th Cir., December 18, 1997). This is because where all of the defendants are members of the same collective entity, the conspiracy does not involve two or more people. Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994); *accord*, Moody v. Jefferson Parish School Bd., 803 F.Supp. 1158, 1166 (E.D.La. 1992), *aff'd* 2 F.3d 604 (5th Cir. 1993) (school board, principal, vice-principal, and various teachers were all employed by the school board and thus were a single entity for purposes of a conspiracy claim).

and has been regarded as having such disabling impairment by the State of Texas and therefore come under the protections of the Americans with Disabilities Act." The relevant question is which defendants in the case can be held liable in their official capacities for a claim under the Americans with Disabilities Act. The Magistrate Judge reviewed each defendant and determined that some of these persons could be liable, while others could not and thus should be dismissed. Cooper's objection on this point is without merit.

Cooper further objects that the Magistrate Judge referred to his testimony at the <u>Spears</u> hearing, while he has not been able to obtain a copy of this hearing. As was stated in a prior order, the official transcript of the testimony of the <u>Spears</u> hearing is the recording itself, and no printed transcript is prepared. This objection is without merit.

Finally, Cooper cites cases from other jurisdictions holding that ADA lawsuits are proper against individual defendants. However, this Court is bound by Fifth Circuit authority, and as explained in the Fifth Circuit's order of remand in this case, there is no individual liability under the ADA. The reason for the remand in this case was not that the district court erred in determining that there was no individual liability under the ADA, but because Cooper sued the defendants in their official as well as their individual capacities, so a remand was necessary to review official-capacity liability. This objection is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Amended Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Amended Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Amended Report of the Magistrate Judge (docket no. 46) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims under the Americans with Disabilities Act against the Defendants LuAnn Renner, Shanta Crawford, Guy Smith, Greg Abbott, Oliver Bell, the unknown investigator, unit safety officer Boelin, and Dr. Julius Danziger be and hereby are DISMISSED with

prejudice from this lawsuit. The dismissal of these Defendants shall not affect the Plaintiff's claims against Toni Deer, Dr. Betty Williams, Nurse Practitioner Brenda Hough, Dr. Kokila Naik, David Sweetin, and Debbie Erwin, nor affect the claims against Dr. Dao Hung, which remain dismissed as affirmed by the Fifth Circuit.

So **ORDERED** and **SIGNED** on November __29__, 2012.

_____
Ron Clark
United States District Judge