IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| GARY NORMAN COOPER | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv126 |
| DAO HUNG, ET AL. | § | |

<u>MEMORANDUM OPINION</u>

The court previously entered an order directing Robert Cooper to inform the court whether he wished to continue to pursue this matter. A copy of the order was sent to Mr. Cooper at the address he provided to the court. The copy of the order sent to Mr. Cooper was returned as unclaimed, indicating Mr. Cooper is no longer at the address provided. Mr. Cooper has not provided the court with a new address.

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980). *See also McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The orderly and expeditious disposition of cases requires that if a litigant's address changes, he has a duty to inform the court of the change. *Shannon v. State of Louisiana*, 1988 WL 54768, No. 87-3951 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310 (5th Cir. May 19, 1985)); *see also Carey v. King*, 856 F.2d 1439 (9th Cir. 1988)

(*per curiam*) (*pro se* plaintiff's case dismissed for failure to prosecute when he failed to keep the court apprised of his current address). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

By failing to provide the court with a correct address, plaintiff has prevented the court from communicating with him and moving this case towards resolution. He has therefore failed to diligently prosecute this case. This matter should therefore be dismissed.

## Conclusion

For the reasons set forth above, this matter will be dismissed without prejudice for want of prosecution. A final judgment shall be entered in accordance with this memorandum opinion. If Mr. Cooper wishes to have this case reinstated on the court's active docket, he may do so by providing the court with a current address within 60 days of the date set forth below.

**SIGNED** this the 7 day of **November, 2019.**

_____
Thad Heartfield
United States District Judge